IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-4016-01-CR-C-NKL |
| | ) | |
| TERRENCE LAMAR HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On August 15, 2011, defendant Terrence Lamar Hawkins filed a pro se motion to dismiss the indictment. The Government filed its response in opposition on September 1, 2011.[1]

In the title of his motion, defendant alleges ineffective assistance of counsel and violations of his right to a speedy trial, the statute of limitations, and double jeopardy. However, a review of the pro se motion reveals defendant is really only raising speedy trial claims and ineffective assistance of counsel. The Government alleges the defendant's pro se motion is without merit and should be dismissed.

On June 6, 2011, the Court ordered a psychiatric evaluation of defendant. A psychiatric report was received by the Court on September 16, 2011. Following a competency hearing on September 22, 2011, and the recommendation of Bureau of Prisons' mental health staff, the Court entered an order committing the defendant to the Medical Referral Center for a period not to exceed 120 days for further evaluation. Title 18 U.S.C. § 3161(c)(2)(h)(1)(A) provides

> (h) The following periods of delay shall be excluded in computing the time within which . . . the trial of any such offense must commence:
>
> > (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
> >
> > > (A) delay resulting from . . . examination, to determine the mental competency . . . of the defendant.

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Consequently, the speedy trial calculation has been tolled and there is no violation of the Speedy Trial Act. Here, the defendant has 64 days remaining on his speedy trial calculation.

Defendant's allegation of ineffective assistance of counsel is premature and without merit. The Sixth Amendment right to effective assistance of counsel can be challenged by the defendant only when a defendant can show that, but for counsel's errors, the outcome of the proceedings would have been different. The standard makes a motion for ineffective assistance of counsel premature if it is filed prior to resolution of the criminal proceedings. To succeed with such a claim, a convicted (emphasis added) defendant must meet the Supreme Court's test set forth in Strickland v. Washington, 466 U.S. 668, 691-92 (1984). Specifically, the defendant must demonstrate (1) counsel's performance fell below professional standards, and (2) defense counsel's deficient performance prejudiced the defendant. The standard for prejudice is that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." Id. at 692.

The claims relating to the statute of limitations and double jeopardy are unclear and equally without merit.

In addition, on May 3, 2011, the Court entered a Scheduling and Trial Order. In Section VI, paragraph A, the court ordered as follows:

> For defendants who are represented by counsel, the Court will only accept pretrial filings made by counsel. Pro se filings **will not** be accepted for defendants who are represented by counsel.

Defendant is currently represented by Assistant Federal Public Defender Troy K. Stabenow. Defendant's pro se motion to dismiss is in violation of the Court's Scheduling and Trial Order and should be dismissed for this reason as well.

IT IS, THEREFORE, RECOMMENDED that defendant Terrence Lamar Hawkins' motion to dismiss be denied. [17]

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report

and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 5th day of October, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge